against Mr. Deming, the defendant appellate, and in favor of my client Pacific Indemnity for the damage which Mr. Deming admitted, the $351,000 in property damages Mr. Deming admitted that he negligently caused to our insurance property. The District Court relied on a provision in Article IIIe of the Bylaws of the Trinity Place condominiums to say which required unit owners, such as our insured, to purchase insurance on their condominium improvements and personal property, and which included a provision that said all such policies shall contain waivers of subrogation. But in fact, that provision clearly was not intended to afford protection to mere tenants of other unit owners, such as Mr. Deming. There's a couple of basic tenets of contract interpretation that are well established in Massachusetts, basically everywhere else, and that control the disposition of this matter. One is that the scope of exculpatory provisions, including specifically waivers of subrogation, aren't something that can be expanded based more than on inference. It's the second thing. Can I ask you on that first point? Yes, sir. Just so I understand, this says shall contain waivers of subrogation. Yes. Against whom? Against whom? Well, I will get to that, but clearly, I mean, I'll ask you a question right now. Yeah. The maximum that it could possibly reasonably be interpreted, and we're talking about reasonable interpretation, is the scope of the waiver of subrogation requirement that is clearly spelled out in Article IIIa1. Why is that? That is because, sir, that policy, which is the policy the trustees are required to obtain on the real property, the actual building, the hard building, is the trustees are nothing but a creation of the unit owners. They are the unit owners' collective interest. That's what the trustees, they exist on the property for the benefit of the unit owners. And there's no rational reason, nothing, certainly in the contract documents, getting to the second legal tenet, which is that you don't find non-parties. And tenets are clearly non-parties to the condominium documents, the collective condominium arrangement. The ticket to be a party to that, those documents, is- But I'm just thinking, the phrase is waiver of subrogation, and the question is the waiver of subrogation against whom? Right. And the indication is of the condominium, first of all, this explicit waiver of subrogation requirement in the master policy, which excludes tenets. It says we protect trustees, unit owners, their agents, employees, and guests. They're entitled to do. I get that. They said that specifically. Now we just have this vague thing, which just says waivers of subrogation, not identifying- Right. Later is supposed to be. Later in the document, that's true. But- I'm just trying to figure out why- The first indication of intent would be the waiver of subrogation. In the explicit terms of the waiver of subrogation. Why? It wouldn't just be, this is just an ambiguous phrase. Well- And then, I don't know, maybe you get extrinsic evidence on it, or something like that. Well, you don't need to go to extrinsic evidence, because above and beyond the explicit waiver of subrogation, you look at the overall condominium arrangement, you look at the condominium documents, which nowhere evidence any intent to confer any benefits on tenets. Tenets are addressed only in the context of something to be dealt with. Something that could be a nuisance- Why would they want to deal with guests and agents, but not tenets? I just don't get that. Why do you do one and the other? Because that's how they drafted it. Yeah, I don't care. There's a specific provision, which seems not to be just protecting unit owners. Because they actually go so far as to protect, you know, to have the waiver of subrogation apply to guests. It's not obvious why you would do that. It doesn't seem to serve any aim of the condo documents. So why- I would suggest the reason, not being the drafter of it, that it's in the unit owner's interest if they have a friend, a relative staying with them, sharing a bedroom, to give that a moral protection. When you have somebody that's some other unit owner in a purely commercial transaction, and you decide to lease the unit to, which are addressed in other provisions, and are somebody that have no rights, they're just under restrictions, then that's logical to say, well, why are you going to come in here? And here's the upshot, Your Honor. If you extend that to get to tenets, the 3E provision, this is what happens. What if instead of causing $350,000 of water damage, Mr. Deming accidentally burns down the whole building? What happens? Well, a bizarre result happens if the district judge's ruling is upheld. Because it means Deming is liable to, under the master policy, for all the damage inflicted on the physical building. But all these individual unit owners who are strangers to Deming, just like I assured, their personal property, their improvements, are not protected. Another point is that Article 3E requires unit owners to insure, among other things, their improvements. Carpeting, walk covering, et cetera. That's an indication it has an application to tenets. Because that's unit owner property. The trustees are not going to embezzle that property. That doesn't seem to mean it doesn't apply to guests. I'm sorry? That would suggest it doesn't apply to guests either. Perhaps it doesn't. So that's what I'm just trying to figure out. It just seems, it's just a strange phrase. It's just this waiver of separation, undefined as to who it applies to. I'm not saying this is the answer. I'm just trying to get an explanation. One possibility is when we deal with something that's just vague like that, you might say it's an ambiguous provision in the contract, and you would look to extrinsic evidence to figure it out, which we don't have any before us. You're saying that this is actually crystal clear. I'm not saying it's crystal clear. I'm saying it's not ambiguous in the sense that there's no regional interpretation that applies to tenets, which is what's before us here. I will say that in the universe of cases that each side in the court cited relating to subrogation waivers and condo agreements, there's three cases, the McGill case in New Jersey, there's two New York cases, an appellate case and a state court case, Shiller v. Community Technologies and Allstate v. VIFRA. Each of them, one of those said that waivers of subrogation in that context, who are they intended to protect? Union owners and the condominium association, or in our case, the trust. So that's the scope of what's intended to be protected here. Did the tenant here take out any insurance to cover his own liability during the period of tenants? Yes, he did, Your Honor. He insured his own liability. He insured his personal property. He did not insure the specified improvements of the owner. That's all for Article 3E, which reflected an admission on his part that didn't apply to him. So I think we have that on top of everything else. If the district court was trying to incorporate and say, well, this is something that we're going to broaden this and make provisions applicable to the tenants, but the defendant himself didn't deem himself governed by it. The fact is that the only way the tenants are treated under this arrangement are unit owner and landlord. If you have a tenant, you have the obligation to keep the tenant under you. It does suggest that the unit owner did not consider that its insurance took care of any liability on the part of the tenant. Did they require the tenant in the tenancy lease to get insurance? They did require that. Okay. So with that, I'm happy to answer questions now. But based on this, I would respectfully request that the district court's order for assembly judgment be reversed and judgment be entered in favor of specific indemnity. Thank you. Mr. Moon, good morning. Good morning, Your Honors. On behalf of Mr. Deming, we request that the court uphold the finding of the district court. Judge Lynch, I would like to address your question. The policy that was procured by Mr. Deming did indeed provide liability coverage, which would include property damage to property outside the confines of his own property. So that policy is part of the record, and it does indicate that the assertions made by my brother are incorrect. Why? I read it the other way. Why does it prove anything he said is incorrect? Because he stated that Deming failed to procure insurance that would protect property damage outside of his own belongings. Well, I think what he said was if you read the district court opinion to its full logic, then his parade of horribles would happen. The insurance was what I've added to the mix. Well, suppose he didn't have insurance. Your argument would seem to be, would lead to the result that your opponent has just argued for. The fact that he does have insurance doesn't in part tell us how to interpret the policy, but is in some ways just a side precaution. I would think if an insurance policy talks about subrogation and in other clauses makes clear that tenants are not included and the policy makes clear that the beneficiaries do not include tenants in the building, that the district court's interpretation of the documents here is simply wrong. The district court essentially says the documents are ambiguous, but I'm going to take care of that problem because I think this covenant runs with the land and your covenants that run with the land are part of the agreement. But there's another provision to that, that you have to be the intended beneficiary. And I see nothing in these documents that suggests that the tenants are intended beneficiaries of the subrogation or any other clause, and that makes perfect sense. Unlike a guest who is there on sufferance of the unit owners and they want to be sure it's a good thing that they're doing for their guests, it's very different from a commercial relationship with a tenant where you can offset risk. And it doesn't mean tenants are automatically excluded, but it doesn't mean they're automatically included either. Can you just explain to me what your take on what the... Forget running with the land and all of that stuff. There's just a provision that says it shall contain a waiver of subrogation. It doesn't say to whom they have in mind as the universe of people to whom that waiver of subrogation is meant to be operative. We know that it's spelled out clearly in the other waiver of subrogation for the trustees. And we know there that they wanted to make sure that the waiver of subrogation applied as against guests, but also other commercial actors like agents and employees. We don't know anything just on the text of it as to what this waiver of subrogation is talking about. So what's your reason for concluding that the right thing to do is to fill it in by adding beyond unit owners? Because the intent of the condominium documents is that there is to be no litigation amongst unit owners, its tenants, its agents, and its servants. Where do you get that? Where do you get that? There's nothing that suggests that they have a desire not to have litigation among tenants. For issues that are covered by insurance. Nothing in the document anywhere references a desire to waive subrogation rights against tenants. Well, when the document is read as a whole, and that the tenant is in effect a signatory to the condominium documents, because the provision of the master D.P. section requires... But that's just a different point that I'm asking, which is to whom do they want to be waiving subrogation as to? And we know that they want to do it as to agents, guests, employees, the other unit owners, when the trustees set their policy, and we know they did not want to do it as to tenants, correct? I dispute that. You think we should read tenants in even as to the trustees' waiver of subrogation? Yes. Notwithstanding the fact that the text doesn't say that? Because the intent is that it's for all lawful residents. But it doesn't say that. Why would we think that's the intent when it doesn't say that? It says what its intent is, I think, by saying, here's who the waiver of subrogation applies to. Why would you add tenants to that? Because a tenant could be deemed as an agent, servant, or... A tenant being an agent. ...of the condominium owner for purposes of insurance requirements. Does that argument depend on me thinking that a tenant is an agent of the unit owner? Not necessarily, no. Well, if I rejected that argument, is there any basis for reading that provision to include tenants? No. When you harmonize the entire bylaw along with the master deeds together, the intent, as Judge Sorkin indicated, was that the documents are unambiguous and that, therefore, the waiver of subrogation and the intent of a condominium association not to have litigation is meant to apply in this situation. Would you like to add anything to your argument? Yes, Your Honor. With regard to the standard of review that we brought up in our brief... Before you go there, I do have a question. Your brother says, essentially, he's entitled to judgment in his favor, which would end the case. Is there a reason to remand? Are there other issues that were not addressed by the district court opinion if we reverse the district court? If you reverse the district court, then you're finding that the inferences that were made were incorrect.  Would you answer my question? If we reverse the district court, should we remand because there are other issues yet to be addressed, or should we simply reverse? I'm not asking you what it would take to reverse. I'm asking you, are there any other issues left in the case other than this one? Yes, you should remand because then the intent of the parties would need to be threaded out. No, you're still not answering my question. You are assuming that a reversal would depend on the need for extrinsic evidence. That's not what I'm asking. Your Honor, I would still request that there should be a remand to the district court. For what reason? To determine the intent of the drafters of the condominium documents. All right, I want to ask your opponent, are there any residual issues? No, Your Honor. If there are liabilities admitted, the damages are established. All right. With regard to the standard of review, Your Honor, in this instance, the case in the conduct of the parties and of the court was the intent that it was an as-stated case. And in this instance, we would urge that the clear error standard be applied and that the district court's determination is not subject to a reversal. Okay, thank you. Thank you. Did you reserve? I thought I reserved two minutes. You have. Thank you. I wasn't even going to go to the standard of review. There were several cases that were cited by the defense on that, including the Garcia-Ayala case, which Judge Lynch, you wrote, and the United Paperworkers case, which Judge Torrella, you wrote. Clearly, this is a de novo case. It was a jury-demanded case. There's cross-motions for summary judgment. That does not change the standard of review. Clearly, the intent, in direct response to Mr. Noon's comment, that there be no litigation against tenants is directly undermined by the scope of the subrogation waiver in Article 3A1. If we were to extend, look at waiver of subrogation period in Article 3E, which, by the way, in the McGill case, that aspect of the McGill case, identical issue, they said, that does not apply to tenants. So we have that guidance, reasoning from a New Jersey district judge, for whatever merit that the court takes it on, citing to other cases in other contexts, like the Schiller case. But to go beyond that and to look at that and say, if we're going to move outside of what elsewhere in these condominium documents defines a well-defined family of people entitled to protection, basically the unit owners and their surrogate, the trustees and the affiliates of the two of them, agents and employees, to extend it to tenants. Okay, if we're going to do that, based on what? There is no need for extrinsic evidence. We can define it as it should be defined based on the documents themselves. If we're going to do that, then where do we draw the line? Why just tenants? What about contractors that come into the property? There's no reasoned basis to go above and beyond what the clear intent of the contract documents show, the condominium documents, which are the contract documents in this case, and essentially the prevailing law that all of this is intended to benefit the unit owners. And with that, if there are no questions, I will just renew my request. Just to be clear, is your conclusion that that 3E provision, waiver of segregation, is best read given rules of contract interpretation, et cetera, to apply only to unit owners? Or is your argument that it is best read to apply coextensively with the list that is specifically denominated as to the trustee's waiver of segregation? Essentially, coextensively, at the maximum. I think it's between the two. I'm just curious if you have a view as to how we're supposed to read this contract provision. Because if a case came up in which an agent or a guest was Mr. Deming, under one logic, they'd say, well, we get the benefit of the segregation waiver that applies to the trustees. But a potential answer back would be no. That's a specific denomination of an extensive group of people to whom the waiver applies. But when you just say waiver of segregation, the right thing to do is to protect the unit owner's interest in getting insurance, which is easier if the class of people to whom the waiver applies is smaller. And so it should be unit owners full stop. Do I have a view between those two? If it was exclusively based on that policy, I would agree with you. I think that the scope of the segregation waiver under the master property policy is a pretty powerful indicator of what was intended three clauses later. What is clear, though, the law on third-party beneficiary in Massachusetts, which this court has addressed, Judge Lynch, you did it in the Haggins v. Verizon case, is to go beyond the people to the contract. You need it within the contract. And that's why we don't need to go to extrinsic evidence. We can go within the contract and find the clear indefinite intent. Yes, but do we need to answer this question? Which question is that? About guests? Yes. I think, I hope my next case isn't a gas-burned condominium somewhere. Technically, no, but I think it's fair and reasonable to use that language to do it. What is absolutely clear, which is the question that is before the court is, are tenants within the realm of that? And clearly there is not the clear indefinite intent to benefit tenants,  Thank you.